PRACTICE : *One order, in two parts, on separate pieces of paper — Single appeal.*

1. The circuit court made an order overruling a motion to amend a bond filed on appeal thereto from the county court; and in such order directs that the same " shall be deemed and taken as a part of the order hereinafter to be entered to dismiss the appeal." The order dismissing the appeal (which was upon a separate piece of paper) had, in fact, been already filed on the same day, but by direction of the judge was put *after* the other in the record. *Held,* that the two constituted but one order for the purpose of an appeal therefrom.

2. Where an appeal may be dismissed under the rules without an application to the court (as for a failure to serve printed cases), a motion for that purpose will not be entertained.

APPEAL from the Circuit Court for *La Fayette* County.

*William Thompson and others* appealed to said circuit court from a decision of the county court of said county, admitting to probate a certain will, and adjudging costs against them as contestants. *John Thompson and another*, on whose petition said will was admitted to probate, moved to dismiss said appeal, on the ground, among others, that the appellants had not filed and served such a bond as the law required, to perfect the appeal. The appellants moved for leave to file an additional bond, and Mr. Magoon, their attorney, filed an affidavit in support of the motion ; whereupon the court made the following order: " On

reading and filing the foregoing affidavit of H. S. Magoon, appellants' attorney, upon and during the argument of the motion made in said cause by the respondents, to dismiss the appeal herein, and on full consideration, and after hearing argument  *  *  *; and said H. S. Magoon, appellants' attorney, having in their behalf offered and tendered in open court a new bond on said appeal, and asked leave to file the same as an additional bond on such appeal; and the court now here having considered thereof; now, in open court, previous to signing and filing an order to dismiss said appeal, doth determine and order that the motion and petition to amend the appeal bond herein, and for leave to file the new appeal bond hereto annexed, *nunc pro tunc,* be and the same is hereby in all things overruled  *  *  *; and it is further ordered that this order shall be deemed and taken as a part and portion of the order hereinafter to be entered to dismiss the appeal of said contestants and appellants herein, for all purposes whatever. Dated in open court, Darlington, Wis., May 16, 1868."

On the same day the following order, written on a separate piece of paper, was made and filed: " [Title.] The motion of the respondents to dismiss the above entitled appeal came on to be heard by the court, and was argued  *  *  *; and now, being sufficiently advised  *  *  *  it is ordered and adjudged that said appeal be, and the same hereby is, dismissed out of this court."

It seems that, although the order of dismissal was by the judge's direction put upon the record *following* that first above recited, yet it was in fact filed *before* it.

The contestants of the will appealed from the whole decision of the court as a single order.   The opposing counsel move to dismiss this appeal, on grounds which will sufficiently appear from the opinion.

*P. A. Orton, Jr.,* for the motion.

*H. S. Magoon, contra.*

PAINE, J.   The objection that the appeal is from two orders instead of one, does not seem to be well taken.   It is true, the order is written on two papers, and part of it was evidently made first, and upon the assumption that it would constitute an entire order by itself.   But afterward, on disposing of the whole matter, the judge added to the order, and expressly provided that the addition should be a part of the former order. It must be so considered.

The respondent was entitled to dismiss the appeal under the rule, if the printed cases had not been served.   And we have concluded, where such is the case, not to entertain a motion to dismiss upon that ground.

The motion to dismiss the appeal is overruled; but as the appellants' counsel did not appear to argue the motion, and as it is denied on the ground that the respondents might have dismissed it without bringing the matter before the court, it is denied without costs.

*By the Court.* — Ordered accordingly.